MARCUS T. HALL (SBN 206495)
WILLIAM SLOAN COATS III (SBN 94864)
DEAN A. MOREHOUS (SBN 111841)
CRAIG C. CROCKETT (SBN 265161)
NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP
555 Mission Street, Thirty-Fourth Floor
San Francisco, CA  94105
Telephone: (415) 814-6161
Facsimile:  (415) 814-6165
marcus.hall@novakdruce.com
william.coats@novakdruce.com
dean.morehous@novakdruce.com
craig.crockett@novakdruce.com

Attorneys for Plaintiff
Kenu, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENU, INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200), AND COMMON LAW UNFAIR COMPETITION** |
| v. | |
| BHH LLC (d/b/a BELL + HOWELL), E. MISHAN & SONS, INC. (d/b/a EMSON), and DOES 1 through 10, inclusive, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Kenu, Inc. ("Kenu"), for its Complaint against defendants BHH LLC (d/b/a Bell + Howell) and E. Mishan & Sons, Inc. (d/b/a Emson) (collectively, "Defendants"), alleges as follows:

1.   Kenu is a San Francisco company that specializes in combining technology, art and design in creating mobile phone products and accessories.  One such product is a portable hands free in-car mount for mobile or smartphone devices that attaches to any car air vent (hereafter "AIRFRAME$^{TM}$").  Kenu's AIRFRAME$^{TM}$ met immediate success for its elegant design and superior functionality over traditional car mounts that are often bulky or rely on adhesives, which detach over time.  Seeking to capitalize on Kenu's success, competitors have recently begun copying Kenu's innovative design and distinctive AIRFRAME$^{TM}$ trade dress to "free ride" on the efforts of Kenu.  This action seeks to remedy the unauthorized sale of one such knock-off product sold as the "Clever Grip."

## THE PARTIES

2.   Kenu is a corporation organized and existing under the laws of Delaware and having a place of business at 236 8th Street, Suite A, San Francisco, California 94103.  Kenu has no operations in the Southern District of New York.

3.   Defendant BHH LLC ("BHH") is a limited liability company organized under the laws of New York and having a place of business at 230 Fifth Avenue, New York, New York 10001, with business activities throughout the world and on the World Wide Web including at www.bellhowell.com.  BHH does business under a variety of names, including as "Bell + Howell."

4.   Defendant E. Mishan & Sons, Inc. ("E. Mishan") is a corporation organized under the laws of New York and having a place of business at 230 Fifth Avenue, New York, New York 10001, with business activities throughout the world and on the World Wide Web including at www.emsoninc.com and www.buyclevergrip.com.  E. Mishan does business as "Emson," and sells various BHH products including the Bell + Howell Clever Grip.

5.   On information and belief, Defendants are, and at all times mentioned herein were, the alter egos, parents, subsidiaries, agents, partners, associates, joint-venturers, servants, employees, and/or other authorized representatives of each other, and in doing the things herein alleged were

1  acting within the course and scope of their authority, agency, and employment, and with the
2  knowledge, consent, and approval of their fellow defendants.
3       6.    Kenu does not know the true names and capacities of DOES 1 through 10, inclusive,
4  and therefore sues them by these fictitious names. When the true names and capacities are
5  discovered for these DOE defendants, Kenu will seek to amend this Complaint to allege the true
6  names and capacities in lieu of the fictitious names.  Kenu is informed and believes that each of the
7  fictitiously named defendants is responsible in some manner for the occurrences alleged in this
8  Complaint.

## JURISDICTION

     7.    This is a civil action seeking damages and injunctive relief for patent infringement, trade dress infringement, unfair competition under California Business and Professions Code § 17200 et seq., and common law unfair competition.

     8.    Pursuant to 28 U.S.C. § 1331, this Court has federal subject matter jurisdiction over Kenu's claims for patent and trade dress infringement.  Further, this Court has subject matter jurisdiction pursuant to the following statutes: 28 U.S.C. § 1338(a) (Acts of Congress relating to patents); 15 U.S.C. § 1121 et seq. (the Lanham Act); and 28 U.S.C. § 1367 (a) (supplemental jurisdiction over state and common-law claims).

     9.    The Northern District of California has personal jurisdiction over the Defendants because, among other things, Defendants are engaged in wrongful conduct within the state of California and in this District, including placing into commerce infringing goods via Defendants' websites including at www.buyclevergrip.com and through retailers, and infringing upon Kenu's patent and trade dress rights in this judicial district.  Defendants have maintained substantial, continuous, and systematic contacts with the state of California through their business dealings and activities within and with residents of the state of California.  Defendants' conduct causes injury to and is directed at Kenu and its intellectual property in the state of California.  But for Defendants' conduct, Kenu would not have suffered damage.

**VENUE AND INTRADISTRICT ASSIGNMENT**

10. Venue is proper within this District under 28 U.S.C. § 1391(b) and (c) because Defendants transact business within this District and offer for sale in this District products that infringe Kenu's intellectual property rights. Pursuant to Local Rule 3-2(c), intellectual property actions are assigned on a district-wide basis.

**FACTS APPLICABLE TO ALL CLAIMS**

11. Kenu is a successful mobile phone accessory business that designs, develops, and distributes artistic and functional mobile phone accessories that are one of a kind in today's marketplace. One such product by Kenu is the AIRFRAME$^{TM}$, a portable hands free in-car mount for mobile devices.



12. The AIRFRAME$^{TM}$ was released in 2013 and has already received acclaim for the utility and elegant design. The AIRFRAME$^{TM}$ is sold through numerous merchandisers, retailers, and stores nationwide, including Apple Stores, Target, T-Mobile, Sprint, and Staples, to name just a few. Kenu also markets and sells its AIRFRAME$^{TM}$ product on the Internet, including through its website located at www.kenu.com.

13. In addition to its common law rights, Kenu sought protection for its intellectual property rights associated with the AIRFRAME$^{TM}$ product by filing for a patent.

14. On October 1, 2013, the United States Patent and Trademark Office issued United States Patent No. US D690,707 (the "'707 patent"), entitled "Dashboard Vent Mount for an Electronic Device," for a portable hands free in-car mount for mobile devices. *See attached Exhibit A.*

15. Representative Figures from Kenu's patent are referenced below:



16. On December 11, 2012, the inventors of the '707 patent, Kenneth Minn and David E. Yao, assigned all of their patent rights in the '707 patent to Kenu, which has continuously held the rights to the '707 patent since that date.

17. The trade dress associated with Kenu's AIRFRAME$^{TM}$ product is distinctive, non-functional, and is owned by Kenu.

18. The trade dress associated with Kenu's AIRFRAME$^{TM}$ product signifies the source of the AIRFRAME$^{TM}$ product to its customers.

19. As a result of considerable efforts, Kenu's customers, and the general public, have come to recognize Kenu as an established and successful mobile phone accessory business.

20. Kenu's AIRFRAME$^{TM}$ product is one of a kind.

21. Kenu's AIRFRAME$^{TM}$ product is manufactured with high quality materials designed to maximize product durability and customer satisfaction.

22. Kenu's designs are its own intellectual property.  No goods of this design existed prior to Kenu's designs and patent.

23. AIRFRAME$^{TM}$ is Kenu's most sought after and sold product.

24. Kenu makes substantial revenue from the AIRFRAME™ product.

25. In mid-2014, Defendants introduced their Clever Grip product, which competes with Kenu's AIRFRAME™ in the market for portable hands free in-car mounts for mobile or smartphone devices.

26. On information and belief, defendants manufacture and/or import, or cause to be manufactured and/or imported the Clever Grip product into the United States and the Northern District of California.

27. On information and belief, defendants own, control, and/or manage the website at www.buyclevergrip.com.

28. Defendants expose for sale, offer to sell, and sell the infringing Clever Grip, including to residents in the Northern District of California, through the website www.buyclevergrip.com, and through third parties including at the following URLs:

   a. http://amzn.com/B00LFUNGU0;
   b. http://www.groupon.com/deals/gg-clever-grip-smartphone-car-mount-1?utm_medium=social&utm_source=FAC_&utm_content=&utm_campaign=US_GOOD&utm_term=&linkId=9381456 (no longer available);
   c. http://www.staples.com/BellHowell-Clever-Grip-Air-Vent-Phone-Mount/product_1202122;
   d. http://www.mobstub.com/Bell-Howell-Clever-Grip;
   e. http://www.nomorerack.com/daily_deals/view/1141741-bell___howell_clever_grip (no longer available);
   f. http://zigoshop.com/shop/bellhowell-9434-clever-grip-air-vent-portable-easy-phone-mount-good-for-all-smart-phones/; and
   g. http://community.1sale.com/2014/08/bellhowell-9434-clever-grip-portable-phone-mount/.

29. On information and belief, Defendants market and advertise the Clever Grip product throughout the United States and in the Northern District of California using television advertisements and/or infomercials such as the following:

1         a.       http://www.youtube.com/watch?v=4xP1jlALIJA; and

2         b.       http://www.ispot.tv/ad/7ChO/emson-clever-grip.

30.     Kenu purchased the Clever Grip, representative pictures of which are provided below:



31.     The Clever Grip available from Defendants violates Kenu's patent and trade dress rights.

32.     Kenu's '707 patent covers the Clever Grip manufactured, imported, exposed for sale, offered for sale, and sold by Defendants.

33.     The Clever Grip violates Kenu's trade dress rights in its AIRFRAME$^{TM}$ product by causing confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of Kenu's AIRFRAME$^{TM}$ product.

34.     The Clever Grip is manufactured from lesser quality materials than those used in Kenu's AIRFRAME$^{TM}$ product.

35.     On August 28, 2014, Kenu's attorney sent Bell + Howell Products, BHH, and Angelo Notaro of Notaro & Michalos & Zaccaria P.C. a letter advising that Bell + Howell was placing in the stream of commerce a product that infringed upon Kenu's intellectual property rights, including Kenu's patent and trade dress rights. *See attached Exhibit B.*

36.     Rather than directly responding to Kenu's August 28 letter, BHH and Emson, through its attorney Mr. Notaro, filed suit in the United States District Court for the Southern District of New York on September 9, 2014, case number 14-cv-7265.

37.     The Clever Grip remains listed for sale, including on the www.buyclevergrip.com website, and on information and belief Defendants have continued to sell the Clever Grip.

38. Despite Kenu's request, Defendants continue to expose for sale, offer for sale, and sell the infringing Clever Grip on its website.

39. Defendants' willful and deliberate actions have caused significant harm to Kenu.

40. Defendants place in the stream of commerce an illegal product that is significantly cheaper than Kenu's product.

41. Kenu has lost customers and revenue due to the illegal and infringing product being put in to the stream of commerce by Defendants.

42. Despite Kenu's attempt to resolve this matter amicably and without litigation, Kenu has been forced to bring this suit for damages and injunctive relief.

**FIRST CLAIM FOR RELIEF**
**PATENT INFRINGEMENT**
**35 U.S.C. § 271(a)**

43. Kenu restates and incorporates all previous allegations of this Complaint by reference as though set forth in full.

44. Defendants have infringed upon the rights of Kenu's '707 patent by making, exposing for sale, offering to sell, selling, and importing the Accused Device in the United States.

45. Defendants will continue to infringe the '707 patent unless enjoined by this Court.

46. Defendants' acts are willful, in disregard of, and with indifference to, the rights of Kenu.

47. As a direct and proximate cause of the infringement by Defendants, Kenu is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. § 285.  Additionally, Defendants are liable to Kenu to the extent of their total profit, but not less than $250, pursuant to 35 U.S.C. § 289.

**SECOND CLAIM FOR RELIEF**
**TRADE DRESS INFRINGEMENT**
**15 U.S.C. § 1125(a)(1)**

48. Kenu restates and incorporates all previous allegations of this Complaint by reference as though set forth in full.

49. Defendants have engaged in infringement of Kenu's trade dress rights in its AIRFRAME™ product by placing into commerce the Clever Grip.

**1**   50.   Defendants have offered and sold the Clever Grip, despite knowledge that the Clever

**2**   Grip being offered and sold is likely to cause confusion among ordinary consumers as to the source,

**3**   sponsorship, affiliation, or approval of Kenu's AIRFRAME$^{TM}$ product.

**4**   51.   Defendants' acts are willful, in disregard of, and with indifference to the rights of

**5**   Kenu.

**6**   52.   As a direct and proximate cause of the infringement by Defendants, Kenu is entitled

**7**   to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and

**8**   reasonable attorney's fees pursuant to 15 U.S.C. § 1117.

**THIRD CLAIM FOR RELIEF**
**UNFAIR COMPETITION**
**CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.**

**11**   53.   Kenu restates and incorporates all previous allegations of this Complaint by reference

**12**   as though set forth in full.

**13**   54.   The above described acts and omissions, including, but not limited to, Defendants'

**14**   continued infringement of Kenu's design patent, and their infringement of Kenu's trade dress rights,

**15**   constitute Unfair Competition under Section 17200 et. seq. of the California Business & Professions

**16**   Code.

**17**   55.   By reason of these wrongful acts and omissions by Defendants, Kenu has suffered

**18**   and will suffer damage.  Additionally, these wrongful acts and omissions by Defendants have

**19**   caused, and unless restrained and enjoined by this Court will continue to cause, serious irreparable

**20**   injury and damage to Kenu.

**FOURTH CLAIM FOR RELIEF**
**UNFAIR COMPETITION**
**COMMON LAW**

**23**   56.   Kenu restates and incorporates all previous allegations of this Complaint by reference

**24**   as though set forth in full.

**25**   57.   The above described acts and omissions, including, but not limited to, Defendants'

**26**   continued infringement of Kenu's design patent, and their infringement of Kenu's trade dress rights,

**27**   constitute Unfair Competition at Common Law.

58. By reason of these wrongful acts and omissions by Defendants, Kenu has suffered and will suffer damage. Additionally, these wrongful acts and omissions by Defendants have caused, and unless restrained and enjoined by this Court will continue to cause serious irreparable injury and damage to Kenu.

## PRAYER FOR RELIEF

Wherefore, Kenu prays for judgment as follows:

1. Injunctive relief;
2. Reasonable royalties in an amounts to be proven at trial;
3. Lost profits in an amount to be proved at trial;
4. BHH's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;
5. E. Mishan's total profit, but not less than $250, pursuant to 35 U.S.C. § 289;
6. Enhanced damages;
7. Kenu's attorney's fees and costs as provided by law; and
8. Such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Kenu respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: September 25, 2014          NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP

By:   /s/ Marcus T. Hall
      Marcus T. Hall
      William Sloan Coats III
      Dean A. Morehous
      Craig C. Crockett
      Attorneys for Plaintiff
      KENU, INC.